UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:04-cr-297-T-23TGW
8:07-cv-1978-T-23TGW

OSCAR ENRIQUE VIRULA ARREDONDO
_____/

## O R D E R

Arredondo's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for both conspiring to possess and possessing with the intent to distribute five kilograms or more of cocaine while on board a vessel. Arredondo pleaded guilty without a plea agreement and was sentenced to 121 months. The circuit court affirmed (Doc. 225) both the conviction and the sentence, and the Supreme Court denied certiorari (Doc. 226).

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Arredondo's motion to vacate sentence is without merit.

The following summary of the facts derives from the factual basis in the "Notice of Essential Elements, Penalty, and Factual Basis" (Doc. 93):

> On June 28, 2004, defendant agreed with his co-defendants and others to possess with intent to distribute more than five kilograms of cocaine while onboard a go-fast vessel that was subject to the jurisdiction of the United States. On that date, the U.S. Coast Guard (USCG) helicopter from the USS TICONDEROGA located a go-fast vessel in the Pacific Ocean. No indicia of nationality was apparent. The go-fast vessel appeared to be approximately 40-45 feet in length with three outboard engines appearing to be in the 200 hp range, dark blue in color, in an open bow construction with a center console design in the aft section. Once the USCG helicopter arrived on scene, the defendants attempted to flee, making course and speed changes. The USS TICONDEROGA was able to obtain video footage of the go-fast vessel during the chase. Defendants began jettisoning more than 30 bales of cocaine, which were later recovered and weighed a total of approximately 2176 pounds.
>
> After jettisoning the bales of cocaine, the go-fast vessel was able to increase its speed and eventually outdistanced the USS TICONDEROGA, who returned to recover the bales of cocaine. The USS TICONDEROGA alerted the USS CROMMELIN to assist in the interception of the go-fast vessel. The USS CROMMELIN's helicopter was able to relocate the go-fast vessel that matched the description provided by the USS TICONDEROGA. Initially, the go-fast vessel fled from the USS CROMMELIN helicopter, but then appeared to have engine problems, going dead in the water (DIW) approximately 25 nautical miles away from the USS CROMMELIN. A USCG boarding crew from the USS CROMMELIN arrived onboard the go-fast. The five defendants all claimed to be Colombian citizens but there was no indicia of national registry; nor were there any markings, flag or documentation to validate such claim. The Colombian government could neither confirm nor deny the nationality or registration of the go-fast vessel. Accordingly, the go-fact vessel was assimilated to be stateless and subject to the jurisdiction of the United States.

Arredondo agreed with these facts during the change of plea. Change of Plea Proceedings at 15, 16-18 (Doc. 210).

Ground one alleges that his counsel was ineffective at sentencing when Arredondo remained seated at the defense table during a side-bar conference. The United States moved for a reduction of sentence pursuant to USSG § 5K1.1 and, because of concerns for both Arredondo's safety and for protection of the investigation, asked "that this part of the hearing be sealed while" the assistance is addressed. Transcript of Sentencing Hearing at 18 (Doc. 201). The request for a confidential discussion was granted because "disinterested persons" were present in the courtroom.

Arredondo contends that his mere absence from the side-bar denied his right to personally participate during a critical stage. Arredondo was not precluded from participating in the side-bar conference, he simply failed to accompany his counsel to the side-bar. Neither defense counsel nor Arredondo objected to Arredondo's absence from the conference. Arredondo's decision to remain seated originated with himself or his counsel.

The sealed transcript shows that defense counsel consented to sealing the side-bar conference: "At the motion of the United States, and consent of the defense, this part of the proceeding will be under seal." Transcript of Sentencing Hearing at 18-19 (Doc. S-2). During the conference, the United States explained the extent of Arredondo's assistance and recommended a one-level downward departure. Defense counsel also explained the extent of Arredondo's assistance and requested that the court sentence Arredondo at least as favorably as the other co-defendant crew members, each of whom were sentenced to 135 months. Following the side-bar conference, the §5K1.1 motion for a one-level downward departure was granted and Arredondo was sentenced to 121

months, which is more favorable than the sentence received by each co-defendant crew member.

Arredondo's presence at the side-bar was unnecessary because Arredondo's counsel was present and ably represented Arredondo's interests. See Kentucky v. Stincer, 482 U.S. 730, 745 (1987) ("[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."). No right of Arredondo's was violated. See United States v. Vasquez, 732 F.2d 846, 848-49 (11th Cir. 1984) ("The right to be present at every stage of trial does not confer upon the defendant the right to be present at every conference at which a matter pertinent to the case is discussed, or even at every conference with the trial judge at which a matter relative to the case is discussed.").

In ground two Arredondo alleges that counsel was ineffective for failing to pursue a jurisdictional defect in the indictment, specifically proof that the vessel was "stateless." The statement of facts to which Arredondo agreed before pleading guilty prove that the vessel was stateless: although the crew members claimed Colombian citizenship, the vessel had "no indicia of national registry[,] no . . . markings, flag or documentation to validate such claim [and t]he Colombian government could neither confirm nor deny the nationality or registration of the go-fast vessel." And Arredondo admitted to the magistrate judge the facts necessary to prove that the vessel was stateless.

> THE COURT: [T]o your knowledge was there any flag, Colombian flag, being flown on the vessel?
>
> DEFENDANT VIRULA-ARREDONDO: No.
>
> THE COURT: Were there any official records or documents showing that it was a Colombian vessel?

>     DEFENDANT VIRULA-ARRENDONDO:  No.
>
>     THE COURT:  Did the master or captain claim that it was a Colombian vessel?
>
>     DEFENDANT VIRULA-ARRENDONDO:  No.
>
>     THE COURT:  All right.  And the statement indicates that they also contacted the Colombian government who would not confirm — could not confirm or deny the nationality or registration of the vessel.  Anything else?
>
>     [UNITED STATES ATTORNEY]:  No, Your Honor.

Change of Plea Proceedings at 18 (Doc. 210).

Arredondo is precluded from advancing his claim because when he pleaded guilty he agreed with the United States's factual allegation and further admitted to the facts necessary to prove that the vessel was stateless.  Arredondo's vessel clearly meets the statutory definition of a vessel subject to the jurisdiction of the United States.

> Under the [Maritime Drug Law Enforcement Act], "a 'vessel subject to the jurisdiction of the United States' includes . . . a vessel without nationality.'" 46 U.S.C. app. § 1903(c)(1)(A).  Additionally, "a 'vessel without nationality' includes . . . a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed" or "a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality."  Id. at § 1903(c)(2)(A), (c).

United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003).

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Arredondo and close this action.

ORDERED in Tampa, Florida, on February 29, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE